**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 05-4544

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

DONALD WAYNE RYAN,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of Virginia, at Harrisonburg.  Glen E. Conrad, District Judge.  (CR-04-30016)

Submitted:  June 1, 2006                Decided:  June 28, 2006

Before TRAXLER and DUNCAN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Vacated and remanded by unpublished per curiam opinion.

David L. Heilberg, DYGERT, WRIGHT, HOBBS & HEILBERG, P.L.C., Charlottesville, Virginia, for Appellant. John L. Brownlee, United States Attorney, Jean B. Hudson, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charlottesville, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Donald Wayne Ryan appeals from his sentence for conspiring to distribute crack cocaine. As explained below, we vacate his sentence and remand this case to the district court for re-sentencing.

## I.

On September 1, 2004, Ryan entered into an agreement with the Government to plead guilty to conspiracy to distribute or to possess with intent to distribute more than fifty grams of crack cocaine in violation of 21 U.S.C. §§ 846 & 841(b)(1)(A) (West 1999 & Supp. 2006) (hereinafter "Count One") and to using, carrying, or possessing a firearm during, in relation to, and in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(I) (West 2000 & Supp. 2006) (hereinafter "Count Three"). The indictment had alleged, and Ryan agreed to admit, that the conspiracy began "in or about the period beginning in 2000" and continued until "in or about [March 10, 2004]." J.A. at 27, 56. Ryan also agreed to waive his right to appeal "any sentencing guidelines factors or the Court's application of the sentencing guidelines factors to the facts of [his] case." J.A. at 59.

The district court sentenced Ryan on May 5, 2005. On Count One, the court initially calculated an advisory guidelines sentence

between 168 and 210 months' imprisonment.  After prior notice to Ryan's counsel, the Government moved, and the district court agreed, to treat Ryan's earlier state court conviction for cocaine possession as a prior felony drug offense.  In accordance with § 841(b)(1)(A)'s mandatory minimum sentence of twenty years for this category of repeat drug offenders, the district court set Ryan's initial advisory guidelines sentence for Count One at 240 months.  See United States Sentencing Guidelines § 5G1.1(b) (2004) ("Where a statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence shall be the guideline sentence.").  The district court then granted Ryan a downward departure based upon the Government's motion setting forth his substantial assistance to the Government, and ultimately sentenced Ryan to 180 months in prison for Count One.  On Count Three, the court sentenced Ryan to an additional sixty months to be served consecutively to his Count One sentence.

## II.

Ryan now challenges on a number of grounds the district court's enhancement of his Count One sentence based on his prior drug conviction.  We review the sentence for reasonableness. United States v. Davenport, 445 F.3d 366, 370 (4th Cir. 2006).

The Government initially asserted that in his plea agreement Ryan waived his right to challenge his sentence, but in his reply

brief Ryan claimed for the first time that his earlier conviction does not qualify as a prior felony drug conviction under § 841(b)(1)(A). In a post-briefing motion to this court, the Government withdrew its waiver defense with respect to that issue and now requests that we remand Ryan's case for re-sentencing in light of this newly raised error.

Section 841(b)(1)(A) establishes a mandatory minimum sentence of 120 months' imprisonment, but increases that minimum to 240 months' imprisonment for anyone who violates the statute "after a prior conviction for a felony drug offense has become final." Ryan pleaded guilty to Count One of the indictment, which alleged that he had engaged in a crack cocaine conspiracy that ended on or about March 10, 2004. Ryan's state conviction for possession of cocaine did not become final until at least April 5, 2004.[*] This conviction therefore does not qualify as a prior felony drug conviction under Section 841(b)(1)(A).

When a sentence is imposed "as a result of an incorrect application of the sentencing guidelines," we must remand the case for additional proceedings. 18 U.S.C.A. § 3742(f) (West 2000 & Supp. 2006); see also United States v. Green, 436 F.3d 449, 457

---

[*]The records of Ryan's state drug conviction indicate that the court placed Ryan on probation for the offense, but "withheld formal adjudication of guilt," on April 15, 2003. Reply Br. of Appellant App. at 28. Ryan failed to appear as scheduled on April 5, 2004, and the court continued the case until his apprehension.

- 4 -

(4th Cir. 2006) (noting that a sentence falling outside the properly calculated guidelines range because of an "error in construing or applying the guidelines" is unreasonable). The district court's error in treating Ryan's cocaine possession conviction as a prior felony drug conviction led it to fix Ryan's initial advisory guidelines sentence at 240 months instead of between 168 to 210 months, which in turn affected his ultimate sentence on Count One. Because the district court miscalculated the advisory guidelines sentence applicable to Count One, we vacate Ryan's sentence on that count and remand his case for re-sentencing.

## III.

Having concluded that Ryan should be re-sentenced on Count One, we do not reach Ryan's other challenges to his sentence, nor do we express any opinion on any other aspect of the reasonableness of Ryan's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

The sentence of the district court on Count One is

VACATED AND REMANDED.